IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| D'ANDREA BROTHERS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-286C |
| | ) | (Judge Damich) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSE, AND COUNTERCLAIM

For its answer to plaintiff's first amended complaint, defendant admits, denies and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegations contained in paragraph 2 that the United States Army Research, Development and Engineering Center ("NSRDEC" or "Natick") (which has also been referred to as "The Natick Soldier Center" ("NSC")) is an organization of the United States Government and that NSRDEC is located in Natick, Massachusetts. Denies the remainder of the allegations contained in paragraph 2.

3. Admits the allegations that, in January 2004, Natick entered into a Cooperative Research and Development Agreement ("CRADA") with D'Andrea Brothers LLC ("D'Andrea Bros.") contained in the first sentence of paragraph 3; otherwise denies the allegations contained in the first sentence of paragraph 3. Admits the allegations that this agreement is referred to as a Cooperative Research and Development Agreement ("CRADA") contained in the second sentence of paragraph 3; otherwise denies the allegations contained in the second sentence of paragraph 3. Denies the allegations contained in parenthetical remarks, which are contained in

paragraph 3; defendant avers that Exhibit “1" is not a true and correct copy of the CRADA due to the markings which appear throughout Exhibit 1. Nevertheless, defendant avers that Exhibit 1 is substantially similar to the CRADA executed by the parties. (For the convenience of the Court, a true and correct copy of the CRADA is attached to this Answer as Exhibit A.)

4. Admits the allegations contained in the first sentence of paragraph 4 to the extent supported by the CRADA referred to in paragraph 4, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 4. Denies the allegations contained in the second sentence of paragraph 4. Defendant avers that the purpose of each CRADA is defined by the terms of the specific CRADA and that the document is the best evidence of its contents.

5. Admits the allegations contained in the first sentence of paragraph 5 to the extent supported by the CRADA referred to in paragraph 5, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 5. Denies the allegations contained in the second sentence of paragraph 5 that the CRADA represents a partnership arrangement between the Government and D’Andrea Bros.; admits the remainder of the allegations contained in the second sentence of paragraph 5 to the extent supported by the CRADA referred to in paragraph 5, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5. The allegations contained in the second set parentheses (beginning on line 5 of paragraph 5) are plaintiff’s characterization of what part of CRADA discusses the allegations contained in the second sentence of paragraph 5, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 5 to the extent

supported by the 2006 Report to Congress referred to in the third sentence of paragraph 5, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 5. Admits the allegations contained in the fourth sentence of paragraph 5 that Exhibit “2" is a true and correct copy of the 2006 Report to Congress; denies the remained of the allegations contained in the fourth sentence of paragraph 5. Admits the allegations contained in the fifth sentence of paragraph 5 that NSRDEC is part of the United States Army Research, Development and Engineering Command (”RDECOM”); denies the remainder of the allegations contained in the fifth sentence of paragraph 5. Admits the allegations contained in the sixth and seventh sentences of paragraph 5 that these statements represent a part of RDECOM’s stated intent. Nevertheless, defendant avers that the best evidence of RDECOM’s stated intent is the full context of the message available on RDECOM’s website at http://www.rdecom.army.mil/rdecom index.html.

6. Admits the allegations contained in paragraph 6 to the extent supported by the CRADA referred to in paragraph 6, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Denies the allegations contained in the first sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second and third sentences of paragraph 7 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 7. Admits the allegations that D’Andrea Bros. could use private resources to market the HooAH bar to the general public contained in the fourth sentence of paragraph 7; denies the remainder of the allegations

contained in the fourth sentence of paragraph 7. Admits the allegations that D'Andrea Bros. conducted some marketing of the HooAH bar contained in the fifth sentence of paragraph 7; otherwise denies the allegations contained in the fifth sentence of paragraph 7 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted.

8. Denies the allegations contained in the first, second, and third sentences of paragraph 8 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations that versions of the HooAH bar contain trans fat contained in the fourth sentence of paragraph 8; denies the remainder of the allegations contained in the fourth sentence of paragraph 8 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the fifth sentence of paragraph 8. Denies the allegations contained in the sixth sentence of paragraph 8 that the older version of the bar, which Natick is still ensure is fed to troops, does not (and never did) contain any type of label which notifies the recipient of the bar that it contains trans fat for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The remaining allegations contained in the sixth sentence of paragraph 8 that the failure to label a bar that contains trans fat is a clear violation of the FDA labeling regulations are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations contained in the seventh sentence of paragraph 8 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the eighth sentence of paragraph 8 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted.

9. Denies the allegations contained in the first, second, and third sentences of paragraph 9 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the fourth sentence of paragraph 9. Denies the allegations contained in the fifth sentence of paragraph 9 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the sixth and seventh sentences of paragraph 9 to the extent supported by the 2006 Report to Congress cited, which is the best evidence of its contents; otherwise denies the allegations contained in the sixth and seventh sentences of paragraph 9. Admits the allegations contained in the eighth sentence of paragraph 9 to the extent supported by the website cited, which is the best evidence of its content and RDECOM's stated intent; otherwise denies the allegations contained in the eighth sentence of paragraph 9.

10. Denies the allegations contained in the first sentence of paragraph 10 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of paragraph 10. The allegations contained in the third sentence of paragraph 10 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations that Natick entered into a CRADA with another company called Sweet Productions ("Sweet") contained in the first sentence of paragraph 11; denies the allegations that Natick's CRADA with Sweet was for the sale of the HooAH bars contained in the first sentence of paragraph 11; denies the remainder of the allegations contained in the first sentence of paragraph 11 for lack of knowledge and information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations that Natick entered into a CRADA with

Sweet almost one year prior to the time that Natick entered into the CRADA with D'Andrea Bros. contained in the second sentence of paragraph 11; denies the remainder of the allegations contained in the second sentence of paragraph 11. Denies the allegations contained in the third sentence of paragraph 11. Admits the allegations that Natick did not disclose the existence of the Sweet CRADA to D'Andrea Bros. prior to entering into the CRADA with D'Andrea and that Natick did not notify Sweet of the existence of the D'Andrea Bros. CRADA contained in the fourth sentence of paragraph 11; denies the remainder of the allegations contained in the fourth sentence of paragraph 11. Defendant avers that the Sweet CRADA has nothing to do with the sale of HooAH bars. Defendant further avers that the D'Andrea Bros. CRADA does not address military sales of HooAH bars. The allegations that the HooAH trademark was exclusively provided to D'Andrea Bros. contained in the fifth sentence of paragraph 11 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the remainder of the allegations contained in the fifth sentence of paragraph 11. The allegations contained in the sixth sentence of paragraph 11 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. Admits the allegations that Natick had discussions with D'Andrea Bros. and that Natick entered into a CRADA with Sweet contained in the first sentence of paragraph 12; denies the allegations that Natick's CRADA with Sweet was secret; denies the remainder of the allegations contained in the first sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations that Natick, through its Army lawyer, Scott Chafin, had discussions with D'Andrea Bros. contained

in the second sentence of paragraph 12; denies the remainder of the allegations contained in the second sentence of paragraph 12. Denies the allegations contained in the third sentence of paragraph 12; defendant avers that Scott Chafin is a United States Army civilian attorney assigned to the Regulatory Law and Intellectual Property Division of the United States Army Legal Services Agency. Denies the allegations that, in 2005, Mr. Chafin contacted D'Andrea Bros. by telephone contained in the fourth sentence of paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted; denies the remainder of the allegations contained in the fourth sentence of paragraph 12. Defendant avers that Mr. Chafin communicated by telephone with D'Andrea Bros. in 2004 and that he has communicated on occasion with D'Andrea Bros. by email since then. Denies the allegations contained in the fifth sentence of paragraph 12.

13. Denies the allegations that Mr. Chafin told D'Andrea Bros. that the military had no right to grant the HooAH license to D'Andrea Bros.; the allegations concerning whether what Mr. Chafin allegedly told D'Andrea Bros. is in direct contradiction to the CRADA contained in paragraph 13 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; admits the remainder of the allegations contained in paragraph 13 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14. Denies the allegations contained in the second sentence of paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the third sentence of paragraph 14.

15. Admits the allegations that Natick stopped using the HooAH trademark on their energy bars contained in the first sentence of paragraph 15; denies the remainder of the allegations contained in the first sentence of paragraph 15.[1] Admits the allegations that Sterling was allowed to sell the former HooAH bar under the label “First Strike” contained in the second sentence of paragraph 15; denies the remainder of the allegations contained in the second sentence of paragraph 15. The allegations contained in the third sentence of paragraph 15 are conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the fourth sentence of paragraph 15. The allegations contained in the fifth sentence of paragraph 15 are conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

Admits the allegations that Natick had a CRADA with Sterling that pre-dated Natick’s CRADAs with Sweet and D’Andrea Bros. contained in the first sentence of footnote one; denies the remainder of the allegations contained in the first sentence of footnote one; admits the remainder of the allegations contained in footnote one to the extent supported by the Sterling agreement referred to in footnote one, which is the best evidence of its contents; otherwise denies the allegations contained in footnote one.

16. Admits the allegations that Natick may have told third parties that it was not going to extend its five-year contract with the D’Andrea Bros. contained in the first sentence of paragraph 16; denies the allegations contained in the first sentence of paragraph 16 that Natick

[1] Defendant’s response to plaintiff’s footnote one is contained in the paragraph below.

and Mr. Chafin told third parties that D'Andrea Bros. were a problem; denies the remainder of the allegations contained in the first sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the second sentence of paragraph 16 to the extent that plaintiff is alleging that Natick and Mr. Chafin told third parties that the D'Andrea Bros. were a problem; denies the remainder of the allegations contained in the second sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the third sentence of paragraph 17 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. The allegations that Natick had the right to terminate the contract contained in the fourth sentence of paragraph 17 are conclusions of law to which no response is required; denies the allegations that Natick and Mr. Chafin made negative remarks about D'Andrea Bros. contained in the fourth sentence of paragraph 17; denies the remainder of the allegations contained in the fourth sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

17. Denies the allegations that Natick interfered with D'Andrea Bros.' attempt to sell the HooAH bar within the different sectors of the military contained in the first sentence of paragraph 17; denies the remainder of the allegations contained in the first sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations that Sterling is the current maker of energy bars for military rations and subsistence, that the Army Center for Excellence Subsistence ("ACES") is important to Natick, and that ACES is the organizer/overseer of the Army Food Program Advisory Board,

the Joint Services Operation Rations Forum and home to Combat Feeding decision-makers contained in the second sentence of paragraph 17; denies the remainder of the allegations contained in the second sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the third sentence of paragraph 17 that Natick told key military feeding personnel to avoid dealing with D'Andrea Bros.; denies the remainder of the allegations contained in the third sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the fourth sentence of paragraph 17 that Natick was unhappy that D'Andrea had improved upon Natick's bar formulation and that Natick's older bar looked less healthy or not as good as the D'Andrea Bros.' bar; denies the remainder of the allegations contained in the fourth sentence of paragraph 17 for lack of information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations that Natick has a well-known and long-standing opposition and enmity toward D'Andrea contained in the fifth sentence of paragraph 17; denies the remainder of the allegations contained in the fifth sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

18. Admits the allegations that the Consortium for Health and Military Performance ("CHAMP") is a division of the military's Uniformed Services University contained in the first sentence of paragraph 18; denies the remainder of the allegations contained in the first sentence of paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations that CHAMP is the organization within the military that decides the composition of the meal plans for the military contained in the second sentence

of paragraph 18; denies the remainder of the allegations contained in the second sentence of paragraph 18. Denies the allegations contained in the third, fourth, fifth, and sixth sentences of paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegations contained in the seventh sentence of paragraph 18. The allegations contained in the eighth sentence of paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the ninth sentence of paragraph 18. The allegations contained in the tenth sentence of paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

20. Denies the allegations contained in the first, second, third, and fourth sentences of paragraph 20 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the fifth sentence of paragraph 20 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

23. The allegations contained in paragraph 23 are conclusions of law and plaintiff's

characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

24. The United States reasserts it responses to plaintiff's allegations in paragraphs 1 through 23 as if fully set forth here.

25. The allegations contained in the first and second sentences of paragraph 25 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the remainder of the allegations contained in the paragraph 25 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations that the plaintiff changed the formulation of the HooAH bar for commercial sales contained in the first sentence of paragraph 26; otherwise denies the allegations contained in the first sentence of paragraph 26. Admits the allegations that the plaintiff removed trans fats from their version of the HooAH bar; denies the remainder of the allegations contained in the second sentence of paragraph 26. Denies the remainder of the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

28. Admits the of the allegations contained in the first sentence of paragraph 28 to the extent supported by the CRADA cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 28. The allegations contained in the second sentence of paragraph 28 are conclusions of law to which no response is required;

to the extent that they may be deemed allegations of fact, they are denied.

29. Denies.

30. Admits the allegations contained in paragraph 30 that Natick entered into a CRADA with Sweet eleven months prior to entering into the CRADA with D'Andrea Bros. and that Natick has evaluated bars submitted by Sweet; denies the remainder of the allegations contained in paragraph 30 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

31. Denies the allegations contained in the first sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Defendant admits that it has not approved D'Andrea Bros. formulation for the HooAH bar contained in the second sentence of paragraph 31; defendant avers that Natick does not have the responsibility for approving a particular formulation for the HooAH energy bar. Denies the remainder of the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

32. The allegations contained in paragraph 32 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be

deemed allegations of fact, they are denied.

35. Denies.

36. The allegations contained in the first sentence of paragraph 36 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

37. Denies the plaintiff is entitled to the relief requested in paragraph 37, or to any relief whatsoever.

38. The United States reasserts it responses to plaintiff's allegations in paragraphs 1 through 37 as if fully set forth here.

39. The allegations contained in paragraph 39 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

41. The allegations contained in paragraph 41 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. Denies the plaintiff is entitled to the relief requested in paragraph 44, or to any

relief whatsoever.

45. The United States reasserts it responses to plaintiff's allegations in paragraphs 1 through 44 as if fully set forth here.

46. The allegations contained in paragraph 46 are conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 are conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 are conclusions of law and plaintiff’s characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

50. Denies the plaintiff is entitled to the relief requested, or to any relief whatsoever.

51. Denies each and every allegation not previously admitted or otherwise qualified.

## DEFENDANT’S AFFIRMATIVE DEFENSE

52. Each and every cause of action is barred due to plaintiff’s failure to exhaust its administrative remedies provided by the CRADA, which is a precondition both to the suit and to the jurisdiction of this Court.

**DEFENDANT'S COUNTERCLAIM**
**(Breach of Contract)**

53. Defendant and plaintiff entered into a CRADA, the effective date of which was January 14, 2004.

54. Under the terms of the CRADA, the plaintiff incurred various financial obligations to the defendant. These included:

a. The obligation to submit to defendant for audit "complete records relating to the sales of PRODUCTS sold" under the CRADA.

i. This obligation was due on an annual basis each January commencing in January 2005 (CRADA ¶ 4.12).

ii. To date, the plaintiff has failed to satisfy this obligation.

b. The obligation to pay defendant "an earned royalty of four percent of [Plaintiff's] GROSS REVENUES," for the period commencing January 14, 2004 (CRADA ¶ 4.1).

i. Plaintiff was required to pay the earned royalty payment by April 15th and October 15th of each year (CRADA ¶ 4.6).

ii. Plaintiff was required to submit, at the time of the earned royalty payment, a report detailing the nature and amount of the royalty due, the gross sales of LICENSED PRODUCTS, and the amount of LICENSED PRODUCTS made, sold or otherwise disposed of by the plaintiff, and plaintiff's efforts to commercialize the LICENSED PRODUCTS (CRADA ¶¶ 4.3, 4.10).

iii. Plaintiff is presently past due on the obligation to report and to pay the defendant the earned royalty, in an amount that will be shown at trial.

iv. Plaintiff's refusal to submit complete records relating to sales of products

makes it impossible for the defendant to plead this allegation with greater specificity.

c. The obligation to pay defendant "a 'pass through royalty' on all royalty payments and all other considerations received by [plaintiff] for sales of LICENSED PRODUCTS(S) by [plaintiff] or for grants of sublicenses for the TECHNOLOGY by [plaintiff] to any SUBPARTNER." (CRADA ¶ 4.3)

i. Plaintiff was required to pay the earned royalty payment by April 15th and October 15th of each year (CRADA ¶ 4.6).

ii. The amount of pass through royalty is 33% of all consideration received by plaintiff, including but not limited to "all license issue fees and initial payment, earned royalties, minimum royalties, equity interests and any other thing(s) of value of whatever kind and nature." (CRADA ¶ 4.3)

iii. Plaintiff is required to submit, at the time of the pass through royalty payment, a report detailing the nature and amount of the royalty due, the gross sales of LICENSED PRODUCTS, and the amount of LICENSED PRODUCTS made, sold or otherwise disposed of by the plaintiff, and plaintiff's efforts to commercialize the LICENSED PRODUCTS (CRADA ¶¶ 4.3, 4.10).

iv. Plaintiff is presently past due on the obligation to report and to pay the defendant the pass through royalty, in an amount that will be shown at trial.

v. Plaintiff's refusal to submit complete records relating to sales of products makes it impossible for the defendant to plead this allegation with greater specificity.

d. The obligation to pay defendant royalty on all sales of other non-licensed products

bearing the HooAH trademark. (CRADA ¶ 4.13)

i. Plaintiff was required to pay the non-licensed product royalty payment by April 15th and October 15th of each year (CRADA ¶ 4.6).

ii. The amount of the non-licensed product royalty is 1% of gross sales of such products. (CRADA, ¶ 4.13)

iii. Plaintiff is presently past due on the obligation to report and to pay the defendant the non-licensed product royalty, in an amount that will be shown at trial.

iv. Plaintiff's refusal to submit complete records relating to sales of products makes it impossible for the defendant to plead this allegation with greater specificity.

e. Commencing in January 2008, the minimum annual payment due to the defendant from plaintiff for all royalties was $20,000. (CRADA 4.4).

i. Plaintiff is required to submit, at the time of the minimum royalty payment, a report detailing the nature and amount of the royalty due, the gross sales of LICENSED PRODUCTS, and the amount of LICENSED PRODUCTS made, sold, or otherwise disposed of by plaintiff, and plaintiff's efforts to commercialize the LICENSED PRODUCTS. (CRADA, ¶¶ 4.3, 4.10)

ii. Plaintiff is presently past due on the obligation to report and to pay the defendant the minimum royalty, in an amount which continues to accrue and will be shown at trial.

iii. Plaintiff's refusal to submit complete records relating to sales of products makes it impossible for the defendant to plead this allegation with greater specificity.

f. For the royalty payments presently due and owing, and which continue to accrue,

plaintiff is subject to a 10% annual interest rate, compounded monthly. (CRADA ¶ 4.8)

WHEREFORE, defendant requests that the Court enter judgment

a. Dismissing the complaint against defendant with prejudice;

b. Awarding defendant damages based upon the allegations contained in paragraph (a) through (f) above; and

c. Awarding defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

/s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Director

/s/ Sheryl L. Floyd
SHERYL L. FLOYD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0282
Facsimile: (202) 514-8624

Attorneys for Defendant

OF COUNSEL:

Capt. Lisa M. Satterfield
Department of the Army
901 N. Stuart St., Suite 437.
Arlington, VA 22203

AUGUST 1, 2008

CERTIFICATE OF FILING

I hereby certify that on 1st day of AUGUST, 2008, a copy of the "DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSE, AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sheryl L. Floyd