**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**D'ANDREA BROTHERS LLC**

**Plaintiffs,**

**v.**

**THE UNITED STATES**

**Defendants.**

**No. 08-286C**
**(Chief Judge Damich)**

**<u>REPLY TO COUNTERCLAIM</u>**

Comes now the plaintiff counter-defendant, D'Andrea Brothers LLC ("plaintiff" or "D'Andrea") by and through its undersigned counsel, and files this Reply to the Counterclaim of the defendant as follows:

1. Plaintiff admits the allegations set forth in paragraph 53 of the Counterclaim.

2. Plaintiff admits the allegations contained in the first sentence of paragraph 54 of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54.

3. Plaintiff denies the allegations contained in the first sentence of paragraph 54(a) of the Counterclaim. Plaintiff avers that the CRADA is the best evidence of its contents and that paragraph 4.12 of the CRADA states: <u>Books and Records.</u> D'Andrea shall keep true and complete records relating to sales of PRODUCTS sold under this Agreement. Such records shall be made available for audit once per year on the anniversary date of the effective date of this CRADA . . .". (CRADA ¶4.12) "The audit shall be carried out by NATICK representatives,

designated and paid for by NATICK . . .”. The records have always been available to NATICK. NATICK representatives never set a time for an audit, never scheduled an audit, or ever showed any interest in conducting an audit.

4. Plaintiff denies the allegations contained in the first sentence of paragraph 54(a)(i) of the Counterclaim. Plaintiff avers that the CRADA is the best evidence of its contents and that paragraph 4.12 of the CRADA states: Books and Records. D’Andrea shall keep true and complete records relating to sales of PRODUCTS sold under this Agreement. Such records shall be made available for audit once per year on the anniversary date of the effective date of this CRADA . . .”. (CRADA ¶4.12) “The audit shall be carried out by NATICK representatives, designated and paid for by NATICK . . .”. The records have always been available to NATICK. NATICK representatives never set a time for an audit, never scheduled an audit, or ever showed any interest in conducting an audit.

5. Plaintiff denies the allegations contained in the first sentence of paragraph 54(a)(ii) of the Counterclaim.

6. Plaintiff admits the allegations contained in the first sentence of paragraph 54(b) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(b), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(b).

7. Plaintiff admits the allegations contained in the first sentence of paragraph 54(b)(i) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(b)(i), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(b)(i).

8. Plaintiff admits the allegations contained in the first sentence of paragraph 54(b)(ii) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(b)(ii), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(b)(ii).

9. Plaintiff denies the allegations contained in the first sentence of paragraph (54(b)(iii).

10. Plaintiff denies the allegations contained in the first sentence of paragraph (54(b)(iv).

11. Plaintiff admits the allegations contained in the first sentence of paragraph 54(c) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(c), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(c).

12. Plaintiff admits the allegations contained in the first sentence of paragraph 54(c)(i) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(c)(i), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(c)(i).

13. Plaintiff admits the allegations contained in the first sentence of paragraph 54(c)(ii) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(c)(ii), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(c)(ii).

14. Plaintiff admits the allegations contained in the first sentence of paragraph 54(c)(iii) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph

54(c)(iii), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(c)(iii).

15. Plaintiff denies the allegations contained in the first sentence of paragraph (54(c)(iv).

16. Plaintiff denies the allegations contained in the first sentence of paragraph (54(c)(v).

17. Plaintiff admits the allegations contained in the first sentence of paragraph 54(d) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(d), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(d).

18. Plaintiff admits the allegations contained in the first sentence of paragraph 54(d)(i) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(d)(i), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(d)(i).

19. Plaintiff admits the allegations contained in the first sentence of paragraph 54(d)(ii) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(d)(ii), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(d)(ii).

20. Plaintiff denies the allegations contained in the first sentence of paragraph (54(d)(iii).

21. Plaintiff denies the allegations contained in the first sentence of paragraph (54(d)(iv).

22. Plaintiff admits the allegations contained in the first sentence of paragraph 54(e) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(e), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(e).

23. Plaintiff admits the allegations contained in the first sentence of paragraph 54(e)(i) of the Counterclaim, to the extent supported by the CRADA referred to in paragraph 54(e)(i), which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 54(e)(i).

24. Plaintiff denies the allegations contained in the first sentence of paragraph (54(e)(ii).

25. Plaintiff denies the allegations contained in the first sentence of paragraph (54(e)(iii).

26. Plaintiff denies the allegations contained in the first sentence of paragraph 54(f) of the Counterclaim. To the extent that the first sentence of paragraph 54(f) refers to the CRADA, plaintiff avers that the CRADA is the best evidence of its contents.

27. Plaintiff denies each and every other allegation of the Counterclaim not specifically admitted.

## PLAINTIFF'S AFFIRMATIVE DEFENSE

1. Defendant's cause of action for Breach of Contract is barred due to defendant's failure to exhaust its administrative remedies provided by the CRADA, which is a precondition both to the suit and to the jurisdiction of this Court.

2. Defendant's Counterclaim is barred by the doctrine of waiver.

3. Defendant's Counterclaim is barred by the doctrine of equitable relief.

4. Defendant's Counterclaim is barred by their own lack of performance and material breach of the contract (failure of a condition precedent).

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that judgment be entered in its favor and against the United States on Defendant's Counterclaim.

Dated this 20th day of August, 2008

COUNSEL OF RECORD
FOR PLAINTIFF:

/s/ Paul A. Traina
Paul A. Traina, Esq.
California State Bar No. 155805
ptraina@elllaw.com
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica, Blvd., 16th Floor
Los Angeles, CA 90067
Telephone No. (310) 552-3800
Facsimile No. (310) 552-9434

OF COUNSEL:

Walter J. Lack, Esq.
California State Bar No. 57550
wlack@elllaw.com
Jared W. Beilke, Esq.
California State Bar No. 195698
jbeilke@elllaw.com
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica, Blvd., 16th Floor
Los Angeles, CA 90067
Telephone No. (310)552-3800
Facsimile No. (310)552-9434

#304589

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA )
)ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, 16th Floor, Los Angeles, California 90067-4107. On August 20, 2008, I served the foregoing document described as **REPLY TO COUNTERCLAIM** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

** SEE ATTACHED MAILING LIST **

____ (BY MAIL) I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same date in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee(s).

**_x_ (BY ELECTRONIC TRANSFER)** I caused all of the pages of the above-entitled documents (PDF copy) to be transmitted to the recipients noted on the attached mailing list via electronic transfer (EMAIL). This document was transmitted by electronic transmission and reported without error.

**_x_ (BY FEDERAL EXPRESS)** I caused such envelope to be delivered to Federal Express for overnight courier service to the offices of the addressee(s).

____ STATE: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**_X_ FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 20, 2008, at Los Angeles, California.

/s/ Bertha L. Jara
BERTHA L. JARA

## SERVICE LIST

| Attorney | | Party |
|---|---|---|
| **VIA ELECTRONIC**:<br>Gregory G. Katsas, Esq.<br>Jeanne E. Davidson, Esq.<br>Sheryl L. Floyd, Esq.<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>Attn: Classification Unit<br>1100 L Street, N.W., 8th Floor<br>Washington, D.C. 20530 | PH: (202) 307-0282<br>FX: (202) 514-8624<br>EM: Sheryl.floyd@usdoj.gov | Attorneys for Defendants |
| **VIA FEDERAL EXPRESS**:<br>Capt. Lisa M. Satterfield<br>Department of the Army<br>901 N. Stuart Street, Suite 437<br>Arlington, VA 22203 | | Of Counsel for Defendants |