# In the United States Court of Federal Claims

No. 08-286C
(Filed: March 28, 2013)
**NOT FOR PUBLICATION**

|  |  |
|---|---|
| D'ANDREA BROTHERS LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) ) |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Now pending before the court is defendant the United States' ("the government") motion for reconsideration of this court's determination in its February 8, 2013 trial opinion that plaintiff D'Andrea Brothers LLC ("plaintiff") is a "prevailing party" under Rule 54(d) of this Rules of the United States Court of Federal Claims ("RCFC"). For the reasons that follow, the government's motion for reconsideration is **DENIED**.

**I.     BACKGROUND**

The facts of this case are set forth in detail in this court's trial opinion. D'Andrea Brothers LLC v. United States, No. 08-286C, 2013 WL 500346 (Fed. Cl. Feb. 8, 2013). In brief, this case involves a contract, called a Cooperative Research and Development Agreement ("CRADA"), entered into between plaintiff and the government in 2004. Plaintiff alleged, in relevant part, that the government's actions during the CRADA

period breached the implied covenant of good faith and fair dealing inherent in the CRADA, and sought to recover reliance damages based on this breach. The government brought a counterclaim against plaintiff, seeking to recover unpaid royalty payments pursuant to the provisions of the CRADA. In its trial opinion, the court concluded that the government had breached the implied covenant of good faith and fair dealing. Id. at *15. The court further held that because this breach was a prior material breach, the government was not entitled to damages on its counterclaim. Id. at *17. However, despite having proven that the government breached the CRADA, the court held that plaintiff was not entitled to recover any reliance damages because the government had satisfied "its burden of establishing with reasonable certainty that plaintiff would have lost the value of its expenditures made in reliance on the CRADA, even if the government had fully performed under the CRADA." Id. at *21. The court reduced plaintiff's damages award to zero.

At the conclusion of the trial opinion, the court held that "[b]ecause plaintiff has prevailed in establishing liability, and on the government's counterclaim, it is entitled to costs" under RCFC 54(d). Id. The government moved for reconsideration under RCFC 59(a), arguing that the court incorrectly determined that plaintiff was a "prevailing party," and therefore erred in awarding plaintiff costs. The court directed plaintiff to respond to the government's motion, and briefing was completed on March 20, 2013. The court now turns to the parties' arguments.

**II.     STANDARD OF REVIEW**

Pursuant to RCFC 59(a), the court may reconsider a prior ruling: (1) for any reason for which a new trial has heretofore been granted in an action at law in federal court, (2) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court, or (3) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.  "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court," Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990), and "[t]he court must consider such motion with 'exceptional care.'"  Henderson Cnty. Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003) (quoting Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 300 (1999)).  A decision to reconsider a final order "must be based 'upon manifest error of law, or mistake of fact.'"  Prati v. United States, 82 Fed. Cl. 373, 376 (2008) (quoting Fru-Con, 44 Fed. Cl. at 300).

**III.    DISCUSSION**

As discussed above, the government argues that this court incorrectly determined that plaintiff is a "prevailing party" under RCFC 54(d).  That rule provides that "[c]osts—other than attorney's fees—should be allowed to the prevailing party to the extent permitted by law.  See 28 U.S.C. § 2412(a)."  Section 2412(a) of Title 28 of the United State Code is known as the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §

2412(a),[1] and the court applies the legal standards developed under EAJA to determine whether a plaintiff is a "prevailing party" for the purposes of RCFC 54(d), Neal & Co. v. United States, 121 F.3d 683, 685-86 (Fed. Cir. 1997) (EAJA applies in determining award of costs in this court). The court has "wide discretion" under EAJA to award costs. Id. at 686.

Under EAJA, to be considered a "prevailing party," a party must receive a final judgment granting "at least some relief on the merits of his claim" leading to a "material alteration of the legal relationship of the parties." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 603-04 (2001).[2] A party is not required to prevail on all of its claims to be a prevailing party. See Shum v. Intel Corp., 629 F.3d 1360, 1367-68 (Fed. Cir. 2010) (discussing the analogous Federal Rule of Civil Procedure 54(d)); Neal & Co., 121 F.3d at 685. Rather, to be "prevailing," a plaintiff must show a judicially sanctioned change in the legal relationship of the parties that

---

[1] That section states:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1).

[2] Although EAJA was not specifically at issue in Buckhannon, the Federal Circuit has concluded that the decision in Buckhannon applies with equal force in the EAJA context. See, e.g., Ward v. U.S. Postal Service, 672 F.3d 1294, 1298 (Fed. Cir. 2012).

modifies the defendant's behavior in a way that directly benefits the plaintiff. Shum, 629 at 1367-69; Neal & Co., 121 F.3d at 685.

Under this standard, the Federal Circuit has held that "enforceable judgments on the merits, even for nominal damages, and court-ordered consent decrees confer prevailing party status." Davis v. Nicholson, 475 F.3d 1360, 1363 (Fed. Cir. 2007); Buckhannon, 532 U.S. at 604. The Federal Circuit has further found that a party may be a "prevailing party" if it shows that it obtained the "equivalent of" a merits judgment or court-ordered consent decree. Rice Servs., Ltd. v. United States, 405 F.3d 1017, 1025 (Fed. Cir. 2005). For example, the Federal Circuit has found that a remand order to an administrative agency for agency error can confer prevailing party status in certain circumstances. Id. (citing Former Emps. of Motorola Ceramic Products v. United States, 336 F.3d 1360, 1366 (Fed. Cir. 2003)); Davis, 475 F.3d at 1364. In addition, a declaration of patent invalidity, even without an award of money damages, has been found to satisfy the Supreme Court's definition of a "prevailing party." See Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1183 (Fed. Cir. 1996). As noted, the Federal Circuit has also held that an award of even "nominal damages" confers prevailing party status. Akers v. Nicholson, 409 F.3d 1356, 1359 (Fed. Cir. 2005); see also Farrar v. Hobby, 506 U.S. 103, 112 (1992) (in the context of a civil rights attorney fee provision). However, "interlocutory rulings that reverse dismissals for a failure to state a claim, reversals of directed verdicts for defendants, and achievement of desired results because a lawsuit brought about a voluntary change in the defendant's conduct (i.e., the catalyst

theory) do no confer prevailing party status." Davis, 475 F.3d at 1363.  Nor will a "technical victory" confer prevailing party status.  Farrar, 506 U.S. at 113.

Against this background, the government argues that plaintiff cannot be a prevailing party in this case.  The government contends that even though the court found that the government had breached the CRADA, the court concluded that plaintiff was not entitled to reliance damages because it was not harmed by the breach.   Therefore, the government argues, plaintiff has not succeeded on the merits of its breach action and cannot be deemed a prevailing party.[3]  The government further argues that the fact that plaintiff successfully defended against the government's counterclaim does not confer prevailing party status.  The government contends that its counterclaim was "mandatory," and plaintiff's successful defense did not result in a "judicially sanctioned change in the relationship of the parties."  Def.'s Reply at 9 (quoting Buckhannon, 532 U.S. at 605).  The government asserts instead that because the court did not award a judgment upon the merits on either plaintiff's breach claim or on the government's counterclaim, neither party was the prevailing party and neither should receive costs.

Plaintiff argues in response that it succeeded on a significant issue of liability by demonstrating that the government had breached the implied covenant of good faith and fair dealing inherent in the CRADA.  While it was not awarded damages, plaintiff argues

---

[3] In circumstances where a breach of contract causes no harm, nominal damages are generally awarded. Interstate Coatings, Inc. v. United States, 7 Cl. Ct. 259, 262 (1985). As noted, the Supreme Court has held that an award of nominal damages conveys prevailing party status on a plaintiff. Farrar, 506 U.S. at 112; see also Akers, 409 F.3d at 1359. However, the Supreme Court has also held that this court is without jurisdiction to award nominal damages. Perry v. United States, 294 U.S. 330, 355 (1935)).

that it succeeded in defending against the government's counterclaim for foregone royalty payments, which it achieved by establishing liability on the merits of its claim against the government.  Plaintiff asserts that, because it demonstrated that a breach occurred and prevailed on the government's counterclaim, it is no longer required to pay the government royalty payments, which sufficiently alters the legal relationship between the parties to convey prevailing party status.

After consideration of the parties' arguments, the court denies the government's motion for reconsideration of the court's award of costs to plaintiff.  Although plaintiff was not awarded damages on its breach claim, this is not a case where plaintiff failed to establish any governmental breach at all.  Instead, after a full trial on the merits of its claim, plaintiff successfully established its rights under the CRADA and a breach of the implied covenant of good faith and fair dealing on the part of the government.  In addition, plaintiff established that it had incurred foreseeable reliance damages as a result of the government's breach.  D'Andrea, 2013 WL 500346 at *17.  While it is true that plaintiff did not receive a monetary judgment on the merits of its breach claim because the government was able to demonstrate that plaintiff's reliance damages should be reduced to zero, plaintiff, in establishing a breach and resultant reliance damages, did more than win merely a "technical victory" or "voluntary change" in the government's behavior.  Farrar, 506 U.S. at 113; Davis, 475 F.3d at 1363.

Rather, because plaintiff demonstrated that the government had breached the CRADA, plaintiff successfully defended against the government's counterclaim for about

$60,000 in unpaid royalties.  Establishing a breach and avoiding liability for the unpaid royalties resolved significant issues in this lawsuit in favor of plaintiff, and conveyed a "direct benefit" on plaintiff.  Neal & Co., 121 F.3d at 685.  Indeed, this court has granted prevailing party status in a breach of contract case even where the plaintiff itself breached the subject contracts and only partially succeeded in reducing the damages it owed under the government's otherwise successful counterclaim.  Precision Pine & Timber, Inc. v. United States, 83 Fed. Cl. 544, 547-48 (2008).[4]  In this case, in contrast, plaintiff proved that the government breached the CRADA and entirely prevailed on the government's counterclaim.  Given this result, the court concludes that plaintiff has sufficiently established a material alteration of the legal relationship between the parties by virtue of this court's trial opinion such that it is the prevailing party in this case.

---

[4] The government argues that Precision Pine is contrary to Supreme Court and Federal Circuit precedent.  In Precision Pine, the Forest Service terminated its contracts with the plaintiff for default and issued bills of collection.  The plaintiff filed a claim against the government for improper termination of the contracts, and alleged that it was not liable for default damages.  The government filed a counterclaim seeking the default damages.  The court found that the plaintiff had breached the contracts at issue.  However, the court went on to hold that the government's method for collecting its default damages was not permitted under the terms of the contract.  Despite having found that the plaintiff breached the contracts at issue, the Precision Pine court held that the plaintiff was entitled to prevailing party status.  The court found that the plaintiff received some of the benefits sought by its suit because the government was forced to recalculate its damages in favor of the plaintiff.  83 Fed. Cl. at 549.

Here, the government argues that Precision Pine is wrongfully decided because, in cases where monetary damages are at issue, a party is a prevailing party only if it receives a damages award.  Def.'s Reply at 6.  Because the circumstances of this case are distinguishable from Precision Pine, the court declines to address this aspect of the government's argument.  Unlike in Precision Pine, the court here determined that plaintiff had established a governmental breach of the CRADA and foreseeable reliance damages.  While the court did not award damages because the government had succeeded in reducing plaintiff's damages to zero, plaintiff's success in establishing a breach lead to the defeat of the government's counterclaim in its entirety.  As held above, given this result, plaintiff has sufficiently established that it is a prevailing party.

## IV. CONCLUSION

For the above-stated reasons, the government's motion for reconsideration is

**DENIED**, and plaintiff is entitled to costs under RCFC 54(d).

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Judge
